UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PAMELA MAGGART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:17-cv-00053-SLC |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Pamela Maggart appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for Supplemental Security Income ("SSI").[1] (DE 1). For the following reasons, the Commissioner's decision will be REVERSED, and the case will be REMANDED for further proceedings in accordance with this Opinion and Order.

### I. FACTUAL AND PROCEDURAL HISTORY

Maggart applied for SSI in September 2013, alleging disability as of July 12, 2013. (DE 12 Administrative Record ("AR") 170-75). The Commissioner denied Maggart's application initially and upon reconsideration. (AR 111-14, 120-22). A hearing was held on August 24, 2015, at which Maggart, who was represented by an attorney, and Marie Kieffer, a vocational expert (the "VE"), appeared. (AR 27-80). On September 29, 2015, the ALJ rendered an unfavorable decision to Maggart, concluding that she was not disabled because she could perform a significant number of unskilled, light work jobs in the economy despite the limitations

---

[1] All parties have consented to the Magistrate Judge. (DE 15); *see* 28 U.S.C. § 636(c).

caused by her impairments. (AR 13-23). The Appeals Council denied Maggart's request for review (AR 1-3), at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481.

Maggart filed a complaint with this Court on February 10, 2017, seeking relief from the Commissioner's decision. (DE 1). Maggart asserts that the ALJ erred by: (1) failing to account for her limitations in maintaining concentration, persistence, or pace when assessing her mental residual functional capacity ("RFC"); (2) rejecting the opinion of Dan L. Boen, Ph.D., an examining psychologist; and (3) discounting the credibility of her symptom testimony. (DE 20 at 7-17).

At the time of the ALJ's decision, Maggart was 49 years old (AR 23, 170); had completed the ninth grade, which included special education classes (AR 194); and had past work experience as a dishwasher and a laundry worker (AR 195, 236). Maggart alleges disability due to a generalized anxiety disorder, borderline intellectual functioning, hyperthyroidism, pancreatitis, arthritis of the knees and hips, insomnia, a chronic cough, shoulder pain, and low back pain. (AR 193, 303).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see* 42 U.S.C. § 1383(c)(3). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v.*

*Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed only if it is not supported by substantial evidence or if the ALJ applied an erroneous legal standard. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

To determine if substantial evidence exists, the Court reviews the entire administrative record but does not re-weigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for the Commissioner's. *Id.* Rather, if the findings of the Commissioner are supported by substantial evidence, they are conclusive. *Id*. Nonetheless, "substantial evidence" review should not be a simple rubber-stamp of the Commissioner's decision. *Id.*

### III. ANALYSIS

#### A. The Law

Under the Act, a plaintiff is entitled to SSI if she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

In determining whether Maggart is disabled as defined by the Act, the ALJ conducted the familiar five-step analytical process, which required her to assess the following issues in sequence: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment or combination of impairments meets or equals one of the impairments listed by the Commissioner, *see* 20 C.F.R. § 404, Subpt. P,

3

App'x 1; (4) whether the claimant is unable to perform her past work; and (5) whether the claimant is incapable of performing work in the national economy.[2] *See Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); 20 C.F.R. § 416.920. An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Id.* at 885-86.

## B. The ALJ's Decision

On September 29, 2015, the ALJ issued the decision that ultimately became the Commissioner's final decision. (AR 13-23). She found at step one of the five-step analysis that Maggart had not engaged in substantial gainful activity since her application date of September 5, 2013. (AR 15). At step two, the ALJ determined that Maggart had the following severe impairments: a generalized anxiety disorder, borderline intellectual functioning, obesity, and degenerative joint disease in both knees. (AR 15). At step three, the ALJ found that Maggart's impairment or combination of impairments were not severe enough to meet a listing. (AR 16-18).

Before proceeding to step four, the ALJ concluded that Maggart's symptom testimony was not entirely credible (AR 19) and assigned the following RFC:

> [T]he claimant has the [RFC] to perform light work . . . except that

---

[2] Before performing steps four and five, the ALJ must determine the claimant's RFC or what tasks the claimant can do despite her limitations. 20 C.F.R §§ 416.920(e), 416.945. The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. 20 C.F.R. §§ 416.920(e), 416.945(a)(5).

4

> she is able to stand/walk for a total of 2 hours in an eight-hour
> workday and she cannot climb ladders, ropes, or scaffolds at all.
> She can occasionally climb ramps and stairs, balance, stoop, kneel,
> crouch, and crawl and she must avoid concentrated exposure to
> hazards, such as slippery or uneven surfaces or unprotected
> heights. She also cannot operate foot controls with either lower
> extremity. She can understand, remember, and carry out simple
> instructions, make judgments on simple work-related decisions,
> respond appropriately to usual work situations, deal with changes
> in a routine work setting, and respond appropriately to occasional
> interactions with co-workers, supervisors, and the general public.

(AR 18). At step four, the ALJ concluded that Maggart could not perform any of her past relevant work. (AR 22). At step five, based on the assigned RFC and the VE's testimony, the ALJ concluded that a hypothetical individual with Maggart's RFC, experience, and education could perform a significant number of unskilled, light occupations in the economy, including a small products assembler, an electronics worker, and an electrical accessories assembler. (AR 23). Therefore, Maggart's application for SSI was denied. (AR 23).

### C. The Mental RFC

Maggart argues that the ALJ failed to adequately account in the mental RFC and in the step-five hypothetical posed to the VE for her moderate deficiencies in maintaining concentration, persistence, or pace, which stem from her generalized anxiety disorder and borderline intellectual functioning. Maggart's argument ultimately has merit, necessitating a remand of the Commissioner's final decision.

An "RFC is what an individual can still do despite his or her limitations." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996); *see* 20 C.F.R. § 416.945(a)(1). "The RFC assessment must be based on *all* of the relevant evidence in the case record . . . ." SSR 96-8p, 1996 WL 374184, at *5; *see* 20 C.F.R. § 416.945(a)(3). Cases from the Seventh Circuit Court of Appeals

"generally have required the ALJ to orient the VE to the totality of a claimant's limitations." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) (citations omitted). "[The] cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical." *Id.*

More specifically, in *O'Connor-Spinner*, the Seventh Circuit concluded that the ALJ erred where he found that the claimant had moderate difficulties in concentration, persistence, or pace, but failed to specifically observe this limitation when posing hypotheticals to the VE at step five. *Id.* at 620-21. In doing so, the court acknowledged that it has not insisted "on a per se requirement that this specific terminology ('concentration, persistence and pace') be used in the hypothetical in all cases." *Id.* at 619. The court explained:

> We also have let stand an ALJ's hypothetical omitting the terms 'concentration, persistence and pace' when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform. We most often have done so when a claimant's limitations were stress- or panic-related and the hypothetical restricted the claimant to low-stress work.

*Id.* (citing *Arnold v. Barnhart*, 473 F.3d 816, 820 (7th Cir. 2007) (upholding a hypothetical restricting the claimant to work involving low production standards and a low-stress environment, where the claimant's difficulties with concentration, persistence, or pace arose from stress-induced headaches, frustration, and anger); *Johansen v. Barnhart*, 314 F.3d 283, 288-89 (7th Cir. 2002) (allowing a hypothetical formulated in terms of "repetitive, low-stress" work to stand, where the claimant's deficits in concentration, persistence, or pace stemmed from a panic disorder); *Sims v. Barnhart*, 309 F.3d 424, 427, 431-32 (7th Cir. 2002) (finding that the ALJ's restricting the claimant from jobs "involving complex work processes or unusual levels of

6

stress" adequately accommodated the claimant's concentration problems arising, in part, from a panic disorder)).

"In most cases, however, employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace." *Id.* at 620 (finding that a restriction to repetitive tasks with simple instructions did not necessarily account for the claimant's depression-related problems in concentration, persistence, and pace) (collecting cases); *see also Warren v. Colvin*, 565 F. App'x 540, 544 (7th Cir. 2014) (finding that a limitation to "simple, repetitive tasks" did not adequately account for the claimant's concentration problems arising from depression and borderline intellectual functioning); *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) (concluding that a limitation to unskilled work did not sufficiently account for the claimant's concentration problems stemming from depression and a psychotic disorder). "The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620 (citing *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009); *Craft v. Astrue*, 539 F.3d 668, 677 (7th Cir. 2008); *Kasarsky v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2003); SSR 85-15, 1985 WL 56857, at *6 (Jan. 1, 1985)).

"Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job." SSR 85-15, 1985 WL 56857, at *6. "The mentally impaired may cease to function effectively when facing such demands as getting to

7

work regularly, having their performance supervised, and remaining in the workplace for a full day. . . . Thus, the mentally impaired may have difficulty meeting the requirements of even so-called 'low-stress' jobs." SSR 85-15, 1985 WL 56857, at *6. Accordingly, the RFC and the hypotheticals "must account for *both* the complexity of the tasks and the claimant's ability to stick with a task over a sustained period." *Warren*, 565 F. App'x at 544 (emphasis added) (citations omitted); *see Yurt*, 758 F.3d at 858 (articulating that an RFC for unskilled work "by itself does not provide any information about [the claimant's] mental condition or abilities").

Here, when considering the paragraph B criteria, the ALJ concluded that Maggart had moderate limitations in concentration, persistence, or pace. (AR 17-18). The ALJ, however, did not include these limitations in the RFC and in the hypothetical to the VE. (AR 18, 63-76). Instead, the ALJ assigned a mental RFC stating:

> She can understand, remember, and carry out simple instructions, make judgments on simple work-related decisions, respond appropriately to usual work situations, deal with changes in a routine work setting, and respond appropriately to occasional interactions with co-workers, supervisors, and the general public.

(AR 18). The ALJ then posed a series of hypotheticals to the VE at step five that encapsulated this RFC, though not verbatim. (*See* AR 65, 68, 71). The ALJ explained in her decision that she viewed this RFC as "consistent with . . . the opinion of the State Agency psychologists that the claimant is able to perform unskilled work but that she is also moderately limited in her ability to maintain social functioning." (AR 21 (citing AR 89-91, 103-05)).

In that regard, the ALJ was correct, at least in part. As to the limitation to unskilled work, the reviewing state agency psychologists, F. Kladder, Ph.D., and Joelle Larsen, Ph.D., opined that Maggart was "moderately limited" in her ability to understand, remember, and carry

8

out detailed instructions, but she was "not significantly limited" in her ability to understand, remember, and carry out very short and simple instructions, which is an ability required to perform unskilled work.³ (AR 89-91, 103-05). And with respect to her social functioning, Drs. Kladder and Larsen found that Maggart was moderately limited in her ability to interact with the general public and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (AR 89-91, 103-05).

Drs. Kladder and Larsen, however, *also* found that Maggart was moderately limited both in her ability to maintain concentration and concentration for extended periods, and her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 89-91, 103-05). While the ALJ's hypothetical contained a limitation accounting for Maggart's difficulties concerning the complexity of tasks and her social functioning, the RFC "fails to accurately capture [Maggart's] documented difficulties with concentration, persistence, and pace." *Yurt*, 758 F.3d at 859. "[A]n ALJ must specifically account for a claimant's ability to stick with a task (even if limited to unskilled work) over a sustained period." *Stanifer v. Colvin*, No. 4:13-CV-053-JD, 2015 WL 437773, at *11 (N.D. Ind. Feb. 3, 2015) (citing *Warren*, 565 F. App'x 540).

Neither the ALJ, nor Drs. Kladder and Larsen, explained how an RFC for essentially

---

³ The Social Security Administration has articulated that the following mental activities are generally required to perform unskilled work: understanding remembering, and carrying out simple instructions; making judgments that are commensurate with the functions of unskilled work (i.e., simple work-related decisions); responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *See* SSR 96-9p, 1996 WL 374186, at *9 (July 2, 1996); *see Craft*, 539 F.3d at 677 ("[W]here the claimant has the ability to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting, then an RFC of 'unskilled' work would be appropriate." (citing 20 C.F.R. § 404.1545(c); SSR 85-15, 1985 WL 56857).

unskilled work eliminated jobs that would be incompatible with Maggart's concentration problems. *See Steele v. Berryhill*, No. 1:16-cv-02245-LJM-MPB, 2017 WL 3574783, at *15 (S.D. Ind. Aug. 18, 2017) (remanding the ALJ's decision where the ALJ failed to account for any limitation on the claimant's concentration, persistence, or pace when posing a hypothetical to the VE, commenting that "there [wa]s no explanation for why the ALJ left out this limitation"). "[T]he translation by a reviewing physician of a moderate limitation in concentration, persistence, or pace into a mental RFC for 'unskilled work,' without explanation of how the unskilled work would exclude positions likely to trigger the claimant's specific limitations, does not go far enough to capture the claimant's limitations." *Williams v. Colvin*, No. 2:13-CV-393-PRC, 2014 WL 5502327, at *8 (N.D. Ind. Oct. 29, 2014) (citing *Yurt*, 758 F.3d at 859).

An ALJ's opinion must be consistent within itself and build a logical bridge for the ALJ's reasoning. *See Clifford*, 227 F.3d at 872; *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996) (stating that the ALJ's decision must demonstrate the path of her reasoning, and the evidence must lead logically to her conclusion). Here, the ALJ's decision is not consistent, as the Seventh Circuit has "repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks . . . adequately captures . . . limitations in concentration, persistence, and pace." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) (citations and internal quotation marks omitted). That is, "the ALJ committed error by not explaining what evidence supported her belief that [Maggart] was able to complete tasks, even if repetitive and simple, over a *sustained* period of time at a *competitive pace*." *Stanifer*, 2015 WL 437773, at *11; *see Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) (stating that an ALJ must

10

"minimally articulate his or her justification for rejecting or accepting specific evidence of a disability" (citation omitted)).

Accordingly, the Commissioner's final decision will be remanded for the purpose of reassessing Maggart's mental RFC with respect to her moderate limitations in maintaining concentration, persistence, or pace. *See, e.g.*, *DeLong v. Berryhill*, No. 1:16-cv-01210-MJS-DKL, 2017 WL 3243896, at *7 (S.D. Ind. July 31, 2017) (remanding the ALJ's decision, finding that the ALJ's hypothetical limiting the claimant to "simple, routine tasks" did not adequately account for the claimant's moderate difficulties in concentration, persistence, or pace); *Macek v. Colvin*, No. 2:12-CV-197-APR, 2013 WL 5436924, at *14 (N.D. Ind. Sept. 27, 2013) (remanding the ALJ's decision where it was not clear what effect, if any, the claimant's moderate limitations in completing a normal workday or workweek without psychological interruptions would have on the claimant's ability to perform simple one and two step tasks on a consistent basis and in a manner that would lend itself to performing gainful activity); *Delgado v. Colvin*, No. 3:12-CV-53 JVB, 2013 WL 2431160, at *15 (N.D. Ind. June 4, 2013) (remanding the ALJ's decision where the ALJ's limitation to simple, routine work did not sufficiently address the claimant's moderate deficits in maintaining attention and concentration for extended periods).[4]

## IV. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is REVERSED, and the case is REMANDED to the Commissioner for further proceedings in accordance with this Opinion

---

[4] Because a remand is warranted based on Maggart's argument that the ALJ failed to adequately account in the mental RFC for her moderate deficits in concentration, persistence, or pace, the Court need not reach her remaining arguments.

11

and Order. The Clerk is directed to enter a judgment in favor of Maggart and against the Commissioner.

SO ORDERED.

Entered this 27th day of July 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge